WILLIAM STANLY v. ROBERT MASSINGILL.

The Superior Courts have power to amend, and to supply, records in the former Superior Courts of Law and Equity, and also in the former County Courts, upon proper notice to persons interested.

Where a lost execution was alleged to be a link in the title of a plaintiff in ejectment, *Held*, that such facts did not render an application under an independent motion, made without notice to the other party, a correct method of supplying the loss; *also*, that what was required of the plaintiff was only, to notify the defendant that on the trial of the ejectment the loss would be proved, and on doing so, to prove its contents by parol.

(*Harris* v. *McRae*, 4 Ire. 81, cited and approved.)

MOTION to supply a lost record of the late Superior Court of Law and Equity for Johnston County, made before *Watts, J.,* at Spring Term 1869 of the Superior Court of JOHNSTON.

An action of ejectment between the above named parties, was pending in the same Court, and in that the plaintiff claimed title through a Sheriff's sale under a certain execution which had issued from the former Superior Court of Law and Eqity for Johnston County, and which was now said to be lost.

His Honor allowed the motion, and gave judgment accordingly; thereupon the defendant appealed.

*Rogers & Batchelor*, for the appellant.
No counsel *contra.*

DICK, J. The plaintiff here is the lessor of the plaintiff in an action of ejectment against the defendant, pending in the Superior Court of Johnston County.

He purchased the land in controversy at a sale made by a Sheriff under an execution from the County Court of said County, and it is alleged that said execution is lost or destroyed; and the motion of the plaintiff is "to supply said execution as one of the records of the Court."

The Superior Courts under our new system have possession of the records and papers of the County Courts, and the Superior Courts of Law and Equity, which have been abolished, and must necessarily have the power of making amendments to such records, and of supplying lost papers, &c., upon proper notice to persons interested.

The motion in this case ought not to have been entertained. The execution under which the land was sold, was an important link in the chain of title, and such lost execution was the primary evidence on the question. The loss of the primary evidence ought not to have been supplied without reasonable notice to the defendant.

But there was no necessity for the motion here, as on the trial of the ejectment the plaintiff, by giving due notice to the defendant, and proving the loss of the execution, could have given secondary evidence as to its contents, which would have been sufficient for the purpose of his action. 1 Green. Ev., sec. 509; *Harris* v. *McRae*, 4 Ire. 81.

The ruling of his Honor in the Court below is reversed. Let this be certified, &c.

PER CURIAM. Ordered accordingly.