JOHN R. GEER v. JANE GEER et al.

*Evidence, Original Records — Deeds — Jurisdiction of Former Courts of Equity — Action to Recover Land — Recovery upon Equitable Title — Deed without Seal.*

1. The original record of an equity proceeding transferred to the Superior Court is competent evidence. A transcript in such case is not necessary.

2. An *ex parte* petition for partition was cognizable in the former courts of equity.

3. That a deed is without seal does not affect its competency as evidence; this defect goes to its legal effect.

4. In an action to recover land, the plaintiff may recover upon the equitable title, although not pleaded, when the Court would, in a direct proceeding, correct a formal defect, or where the dry legal title is outstanding in another; *aliter*, when extrinsic evidence is necessary to establish the equitable ownership. So, in this action, plaintiff may recover upon a deed of a commissioner of the Court without seal.

This was a CIVIL ACTION to recover land, tried before *Mer-rimon, J.*, at Spring Term, 1891, of RUTHERFORD Superior Court.

The plaintiff offered in evidence what purported to be the original records in a suit, or proceeding, in the old court of equity held for the county of Rutherford at Spring Session, 1866, and continuing for some time thereafter, having been transferred to the present Superior Court, in case of the heirs at law of John Geer. This evidence was objected to upon the ground that the record being that of the old court of equity, there should have been a transcript made for this Court. Objection overruled. Exception by defendant.

The plaintiff offered in evidence the petition filed in the cause at Spring Term, 1866, of said court of equity. Of which the following is a copy :

"The petition of William Geer and others, respectfully showeth unto your Honor that John Geer, Sr., late of said county, died intestate (leaving a widow who is now dead), leaving your petitioners his only heirs at law upon whom his real estate descended, between them equally to be divided as tenants in common, there being seven heirs as above represented. And your petitioners further show that the said intestate, at the time of his death, was seized of the following tracts of land, to-wit: 'One tract known as the Costen tract, five hundred and twenty-nine acres; another tract known as the Lynch place, containing six hundred and fifty-seven acres; another tract known as the Larger tract, containing two hundred acres; another known as the Morris tract containing twenty acres. Some of the aforesaid lands are fine bottom lands and very valuable.' * * * Your petitioners further show that they desire the aforesaid lands to be disposed of in an equitable manner amongst them, either by partition or sale, as your Honor may think most beneficial to the parties," etc.

Objection by defendant, upon the ground that the petition did not state facts sufficient to give the Court jurisdiction. It being an *ex parte* proceeding, the parties could have effected a sale without invoking the aid of a Court. Objection overruled. Exception by defendant.

The deed of M. O. Dickerson, Clerk of the Superior Court, conveying the land in dispute, was offered by plaintiff, dated 15th August, 1878, It was admitted that this deed made by the Clerk was not under seal. Defendants objected to its introduction as a deed, claiming that it was not a deed. The Court ruled that the objection had respect rather to the legal effect of the paper than to its admissibility as evidence, and allowed the paper to be introduced and read. Defendant excepted.

Defendant asked the Court to charge the jury, that as the deed above mentioned from the Clerk was not under seal, the plaintiffs were not entitled to recover, as the deed was defective. Refused. Exception by defendant.

The Court held that the plaintiffs were entitled to recover upon an equitable title if they had shown such. Defendant admitted that plaintiffs had the equitable title to the land, and was, in equity, the owner, but excepted to this ruling, upon the ground that the plaintiff had not alleged any equitable claim in his complaint, and therefore could not recover upon failure of his legal title, and that the complaint did state facts sufficient to constitute a cause of action upon the evidence adduced. Overruled. Exception by defendants.

The defendant's admission that plaintiff was an equitable owner was made, reserving the benefit and right of their previous exceptions.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Messrs. Justice & Justice* (by brief), for plaintiff.
*Mr. J. A. Forney*, for defendant.

SHEPHERD, J.:

1. We see no force in the first exception. It appears that the "suit or proceeding" in the old court of equity was transferred to the Superior Court, and it being constituted there, it would seem very clear that a transcript was unnecessary. Constitution of 1866, Art. 4, § 25; C. C. P. of 1868, §§ 400, 142; *Stanly* v. *Massingill*, 63 N. C., 558; *Mason* v. *Miles*, 63 N. C., 564; *Commissioners* v. *Blackburn*, 68 N. C., 406.

2. The objection that the "petition did not state facts sufficient to give the Court jurisdiction," is equally untenable. It is true that the proceeding was *ex parte*, and that the parties might have united in a sale without invoking the aid of the Court, but this did not prevent them from having a division or sale by judicial proceedings. The petition was filed by the heirs of John Geer, Sr., and after describing the land and the respective interests of the parties as tenants in common, it prayed that the land might "be disposed of in an equitable manner amongst them, either by partition or sale, as your Honor may think most beneficial to the parties," etc. The petition surely stated sufficient facts to confer jurisdiction, and it was expressly provided that such a proceeding was cognizable by a court of equity. Rev. Code, ch. 82, §§ 1, 6. See also Skinner's heirs, *ex parte*, 2 D. & B. Eq., 64.

3. The third exception to the admission of the "deed" of the Clerk, because it had no seal, is also overruled. The Court very properly held "that the objections had respect rather to the legal effect of the paper than to its admissibility as evidence."

4. The remaining exceptions, that the plaintiff could not recover upon said paper-writing, and that, admitting that it conferred the equitable title, it was necessary that it should be pleaded as such, cannot, in our opinion, be sustained.

It has been fully settled that a plaintiff may recover in ejectment upon an equitable title (*Taylor* v *Eatman*, 92 N. C., 601; *Murray* v. *Blackledge*, 71 N. C., 492; *Condry* v. *Cheshire*,

88 N. C, 375); and where, upon the face of record evidence, like that before us, the Court would, in a direct proceeding, as a matter of course, order the correction of a merely formal defect in the execution of its decree, it is unnecessary (though perhaps the better practice) to set forth the facts in the pleading.

The same is true where it appears from the documentary evidence that the dry legal title only is outstanding in another, but where it is necessary to establish such equitable ownership by extrinsic testimony, then the facts should be pleaded, the rule being that whenever, in such cases, it was, under the former system, necessary to invoke the aid of a court of equity, the facts necessary to warrant such equitable relief must now, under the present practice, be specifically set forth in the pleadings.

Affirmed.