ENNIS WEST v. ADDIE WEST AND WIFE, WILLIE JONES WEST; MAMIE WEST JOHNSON AND HUSBAND, H. P. JOHNSON; BEULAH WEST WILSON AND HUSBAND, O. T. WILSON; ALTON WEST AND WIFE, WILMA WEST; DOLLIE MAE LEE AND HUSBAND, B. F. LEE; FRANK WEST AND WIFE, ..................; ISKEY WEST HARGROVE, E. A. WEST AND G. A. WEST, WIDOW OF A. B. WEST, DECEASED.

(Filed 10 October 1962.)

**1. Partition § 7—**

Whether the division of land by the commissioners in an actual partition is fair and equitable is a question of fact to be determined by the court upon appeal from a judgment of the clerk affirming the report of the commissioners, and the court's findings are conclusive and binding if supported by any evidence, even though the evidence be conflicting.

**2. Trial § 6—**

A stipulation of the parties is a judicial admission precluding any of them from thereafter controverting the truth of the matters stipulated, and therefore where the parties stipulate that the issues raised by the pleadings were properly disposed of by a judgment (which judgment was by consent) a party may not thereafter contend that the judgment was void as to him for lack of his consent.

APPEAL by petitioner and four respondents from *Bone J.,* at the April 1962 Term of SAMPSON.

This proceeding was instituted on September 17, 1942 to partition lands of A. B. West, deceased, among his nine children. Thereafter E. A. West, one of the appellants, alleged title in himself to two of the five tracts described in the partition and a claim for improvements on a third tract. The widow petitioned for dower, and certain other respondents asked for an accounting of the rents and profits by E. A. West.

At the April-May 1946 Term of the Superior Court, a jury verdict established E. A. West's title to the two tracts he claimed. On December 21, 1950, the allotment of the widow's dower was confirmed, and at the March 1952 Term of the Superior Court all other matters in controversy between the parties were compromised in a consent judgment signed by the presiding judge on March 26, 1952. In the judgment the court named three commissioners to partition the first three tracts of land described in the petition by allotting to each tenant in common "a one-ninth (1/9) share thereof in severalty". It further provided that "if equal shares cannot be made by dividing the lands, then the said commissioners are to charge the more valuable dividend with such sum or sums of money as they shall deem necessary to be paid to the dividend or dividends of inferior value in order to make an equitable partition. . . ."

Pursuant to this judgment, the commissioners made an actual partition of the land and filed their report on June 7, 1952. On June 17, 1952, petitioners and five of the respondents filed exceptions to the report. These exceptions were not heard by the clerk until September 25, 1961. On that date he heard the evidence offered by both petitioner and respondents. The clerk overruled the exceptions and affirmed the report of the commissioners. His order was appealed to the Judge of the Superior Court. At the April Term 1962, his Honor, Judge Walter J. Bone, heard the conflicting testimony of the witnesses for appellants and appellees, including the testimony of the one surviving commissioner and of the surveyor who ran and marked the division lines in May 1952. After hearing the evidence, the Judge found that the partition made by the commissioners and reported to the court on June

7, 1952 was just and fair. He confirmed the order of the clerk sustaining the report of the commissioners. E. A. West, Alton West, Addie West, Ennis West, and Frank West appealed to the Supreme Court.

By stipulation, entered of record on July 6, 1962, the parties agreed that all issues raised by the pleadings, which have been lost, were properly disposed of by the judgment of March 26, 1952, and that the only remaining question was "the actual partition of the lands." The appellants made two assignments of error: (1) To his Honor's findings of fact that the partition made by the commissioners was just and fair, and (2) To his judgment affirming the order of the clerk which confirmed the report of the commissioners.

*David J. Turlington, Jr. for plaintiff and defendants E. A. West, Alton West, Addie West and Frank West, appellants.*

*Woodrow H. Peterson for defendants other than E. A. West, Alton West, Addie West and Frank West, appellees.*

SHARP, J. The question involved on this appeal is stated identically in the brief of both the appellants and the appellees: "Did his Honor err in concluding and adjudging that the partition which had been made among the various tenants in common was just and fair and subsequently ruling and adjudging that the Report of Commissioners be confirmed?"

Where an actual partition of lands has been ordered, whether the division made by the commissioners was fair and equitable or unequal in value is a question of fact to be determined by the Judge of the Superior Court upon an appeal from a judgment of the clerk affirming the report of commissioners. *Byrd v. Thompson,* 243 N.C. 271, 90 S. E. 2d 394. The findings of the judge are conclusive and binding if there is any evidence in the record to support them. *McMillan v. McMillan,* 123 N.C. 577, 31 S.E. 729. The evidence before Judge Bone, while conflicting, was sufficient to sustain his findings.

In their brief the appellants contend that the consent judgment of March 26, 1952 was void as to Alton West for lack of consent. This question is not raised by any assignment of error and is precluded by the stipulation of July 6, 1962. "A stipulation is a judicial admission. As such, 'It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of presenting evidence to establish the admitted fact'." *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460.

For the reasons assigned the judgment of the court below is
Affirmed.