Dunn v. Dunn

DAVID E. DUNN, JR. AND HIS WIFE, GERTRUDE M. DUNN v. JACK DUNN AND HIS WIFE, JO ANN SMITH DUNN, AND LEWIS P. ENGLISH AND JOHN WISHART CAMPBELL

No. 7716SC806

(Filed 11 July 1978)

**Partition § 7 — lottery to allot parcels — absence of one commissioner**
    Where the court in a partitioning proceeding ordered that "the commis-
sioners" conduct a lottery before the clerk to determine the allotment of the
separate parcels, the absence of one of the three commissioners because of ill-
ness when the drawing before the clerk was held did not invalidate the draw-
ing.

APPEAL by petitioners from *Preston, Judge.* Judgment entered 4 May 1977 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 26 June 1978.

This is a partition proceeding relating to a tract of land in Scotland County in which petitioner, David E. Dunn, Jr., owns an undivided one-half interest and the respondents, Jack Dunn and wife, Jo Ann Smith Dunn, own the remaining one-half undivided interest as tenants by the entirety. On 2 December 1975 the clerk

of superior court entered an order finding that the nature of the property was such that actual partition could not be made without injury to the interest of one or more of the owners. On this finding the clerk directed a sale for partition. On appeal to the judge of the superior court by the respondents, Judge Braswell entered an order dated 18 February 1976 in which he found that actual partition was feasible. Accordingly, he remanded the proceeding to the clerk with directions that the clerk appoint commissioners pursuant to G.S., Chap. 46 to make actual division of the land. Judge Braswell's order of 18 February 1976 also contained the following directions:

> After the commissioners have made their division, the commissioners shall meet in the office of the clerk of Superior Court of Scotland County, and upon notice to the parties, shall there, in the presence of the clerk, conduct a lottery, which the parties or their legal representatives being present, and the party petitioner and the party defendant shall draw for one of the two respective parcels. Thereafter, the commissioners shall make written report to the clerk, reporting their work, and as to which party won which parcel in the lottery, and who was allotted what in the partition.

Following entry of this order, the clerk appointed three commissioners who, after being duly sworn, proceeded to divide the property into two lots. Lot No. 1 being charged with owelty of $5,000.00 in favor of Lot No. 2. On 27 August 1976 the commissioners filed their report of their actions with the clerk. All three commissioners signed this report.

On 21 September 1976 a meeting was held before the clerk in the Scotland County Courthouse at which, in addition to the clerk, the following were present: the petitioner, David E. Dunn, Jr. and his attorney; the respondent, Jack Dunn, and his attorney, who also represented the respondent, Jo Ann Smith Dunn; and two of the three commissioners. The third commissioner was ill and was in the hospital. The clerk prepared two small cardboard strips, upon one of which was written "Lot No. 1" and upon the other of which was written "Lot No. 2." Each of these was then placed in a separate unmarked envelope. The envelopes were placed in a hat, which was held in the air and moved about so that no one could see which envelope was which. A coin was flipped to deter-

mine whether the petitioner, David E. Dunn, Jr., or the respondent, Jack Dunn, would have the first draw. Jack Dunn won the call and the right to have the first draw. He made the first drawing and drew the envelope containing the card marked "Lot No. 2." David E. Dunn, Jr. then drew the remaining envelope, which contained the card marked "Lot No. 1."

On 8 October 1976 the commissioners filed with the clerk their report, which was signed by all three commissioners, allotting Lot No. 1 to David E. Dunn, Jr., subject to owelty of $5,000.00 payable to the owners of Lot No. 2, and allotting Lot No. 2 to the respondents, Jack Dunn and his wife, Jo Ann Smith Dunn. On 27 October 1976 the clerk entered an order approving and confirming the commissioners' report. The respondents, Jack Dunn and wife, excepted to the clerk's order of confirmation and appealed to the judge of the superior court. The appeal was heard by Judge Preston, who entered judgment dated 4 May 1977 in which he found the facts as to what had previously occurred in this proceeding. On these findings Judge Preston concluded that Judge Braswell's order of 18 February 1976 had not been carried out in a critical respect in that only two commissioners had been present at the time of the drawing before the clerk on 21 September 1976, the third commissioner being then ill and in the hospital. For this reason, Judge Preston vacated the clerk's order of confirmation and directed that a new drawing be made.

From Judge Preston's judgment dated 4 May 1977, petitioners appeal.

*McLean, Stacy, Henry & McLean by William S. McLean for petitioners appellants.*

*No counsel contra.*

PARKER, Judge.

So far as the record before us discloses, no interested party has at any time raised any objection to the manner in which the commissioners divided the land or to the amount of owelty assessed. No contention has been made that the drawing which was held before the clerk in the presence of two of the three commissioners was in any way unfair, and a careful reading of the record discloses no valid basis on which such a contention could be made.

The sole basis on which Judge Preston rested his judgment vacating the clerk's order of confirmation and directing a new drawing was that one of the three commissioners was absent when the drawing before the clerk was made. The judgment appealed from thus rests solely upon the judge's conclusion that, as a matter of law, the presence of all three commissioners at the drawing was essential to its validity and that, one of the commissioners having been absent because of illness, the drawing was fatally defective. We find that conclusion to be in error, and accordingly we reverse the judgment appealed from.

The procedure for the partitioning of real property is governed by the provisions of Article 1 of Chapter 46 of our General Statutes. No section in that Article makes provision for a drawing to determine by lot or chance the manner in which the separate parcels of partitioned real property should be allotted among the several owners. Nevertheless, "in this state partition proceedings have been consistently held to be equitable in nature," and "[t]he statutes are not a strict limitation upon the authority of the court." *Allen v. Allen*, 263 N.C. 496, 498, 139 S.E. 2d 585, 587 (1965). Therefore, there can be no question, and none has been raised, as to the validity of the direction contained in Judge Braswell's order of 18 February 1976 that "the commissioners" meet in the office of the clerk and there conduct a lottery at which the interested parties should "draw for one of the two respective parcels." The sole question presented by this appeal thus becomes the narrow one of whether the reference to "the commissioners" in this portion of Judge Braswell's order made it mandatory that all three commissioners be present at the drawing, else the drawing be fatally defective. Judge Preston concluded that to be the case. With that conclusion we do not agree.

Although our statutes make no provision for a drawing to determine the allotment of separate parcels by chance, they do throw some light upon the narrow question now before us. After making provision in G.S. 46-7 for the appointment of three disinterested commissioners and specifying in other sections the manner in which the commissioners should perform their duties, our statutes' provide, in G.S. 46-17, that the commissioners "shall make a full and ample report of their proceedings, *under the hands of any two of them*, specifying therein the manner of executing their trust and describing particularly the land or parcels

of land divided, and the share allotted to each tenant in severalty, with the sum or sums charged on the more valuable dividends to be paid to those of inferior value." (Emphasis added.) Thus, by statute, two of the three commissioners are empowered to act for all in making report to the court of "the manner of executing their trust." If two could act for all in such an important matter, surely it is reasonable to hold that two could act for all in performing the purely ministerial duty of conducting a drawing. After all, the essential matter was that the drawing be conducted fairly, and, as already noted, there has been no contention that it was not.

The judgment appealed from is reversed, and this cause is remanded to the superior court with direction that judgment be entered approving and affirming the clerk's order dated 27 October 1976 which in turn approved and confirmed the commissioners' report in all respects.

Reversed and remanded.

Judges CLARK and ERWIN concur.