SYBIL CROTTS GRAY AND JOHN WILLIAM GRAY, JR. v. BENNY VON CROTTS, LORRAINE CROTTS, ARCHIE LEONARD CROTTS, REBA CROTTS, JEAN CROTTS HIATT AND JOE HIATT

No. 8122SC1143

(Filed 20 July 1982)

1. **Partition § 7— partitioning proceeding—tenant in common not given adjoining land—no error**

    In a partitioning proceeding where three tracts of land were divided into four equal shares and, by lottery, given to the four tenants in common, there was no error in failing to give one of the tenants in common a tract of land which adjoined his homeplace since (1) the fact that one tenant owns land adjoining the land to be partitioned does not mean that the property partitioned *must* be laid off next to his homeplace, (2) the appellant owned tracts of land which adjoined another tract allotted by the Commissioners, (3) the evidence did not support appellant's contention that the parcel next to his homeplace was the only means by which he could get to another parcel of land he owned, and (4) appellant failed to show that a tobacco barn placed on the tract beside his homeplace was in fact an "improvement" on the land equitably entitling him to that tract.

2. **Partition § 7— partitioning proceeding—assignment of parcels—done by lottery—no error**

    The superior court did not err in confirming the report of the Commissioners in a partitioning proceeding because the actual assignment of the parcels was done by lottery since *Dunn v. Dunn,* 37 N.C. App. 159 (1978), specifically approves the assignment of shares to the various tenants in common by the drawing of lots.

APPEAL by respondents, Archie Leondard Crotts and his wife, Reba Crotts, from *Hairston, Judge.* Order of Confirmation entered 22 May 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 9 June 1982.

This is a special proceeding for the partition of real property pursuant to Chapter 46 of the North Carolina General Statutes. From an Order confirming the report of three Commissioners who divided three tracts of land into four parcels of equal value and allotted the parcels to the tenants by a lottery, respondents, Archie Leonard Crotts and his wife Reba Crotts, appeal.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for respondent appellants, Archie Leonard Crotts and Reba Crotts.*

*Smith, Michael & Penry, by Wayne L. Michael, for petitioner appellees, Sybil Crotts Gray and John William Gray, Jr.*

*Stoner, Bowers & Gray, by Bob W. Bowers, for respondent appellees, Benny Von Crotts and Lorraine Crotts.*

BECTON, Judge.

I

PROCEDURAL AND FACTUAL HISTORY

The petitioner, Sybil Crotts Gray, and the respondents, Benny Von Crotts, Archie Leonard Crotts, and Jean Crotts Hiatt, are brothers and sisters, and are the owners, as tenants in common, of undivided interests in three tracts of real estate located in Davidson County. The three tracts consist of approximately sixty acres. Sybil Gray filed a special proceeding seeking the sale of the real estate, or in the alternative, an actual partition. Benny Crotts, in his Answer, sought a sale, or in the alternative, an actual partition. Archie Crotts and Jean Hiatt, in their Answer, asked that the property not be sold, but be partitioned. The question of whether to sell or partition was resolved when the parties consented, on 23 July 1980, to the appointment of Commissioners who were to partition the property.

The Commissioners first appointed by the Clerk of Superior Court divided the real estate and its tobacco allotment among the four brothers and sisters. Archie Crotts, Benny Crotts, and Jean

Hiatt filed objections to the Commissioners' Report, contending that the property was not divided equally according to value. Petitioner Sybil Gray objected to the division of the tobacco allotment. Consequently, the Clerk vacated the Report of those Commissioners and appointed three new Commissioners to divide the land.

The new Commissioners divided the real property and improvements into four parts which they considered equal. The tobacco allotment was also divided into four parts. The Commissioners stated: "We have visited the property and taken into consideration all factors influencing its value." The Commissioners, by drawing names, assigned to each of the four tenants in common one of the four tracts of land. Archie Crotts was the only party to file an objection to the report of the new Commissioners. When the Clerk confirmed the Commissioners' report, Archie Crotts appealed to superior court, contending that he should have been assigned Tract No. 3, which adjoins his homeplace. The superior court made findings that the Commissioners were aware that Archie Crotts owned property adjoining Tract No. 3 and Tract No. 1 when their plat was prepared. The superior court concluded that the division of the real estate among the tenants in common was fair and equal and that the lottery used for determining ownership of shares was a fair method of apportioning the property. From the order of the superior court confirming the report of the Commissioners, Archie Crotts and his wife appealed.

Archie Crotts argues, first, that he is *entitled* to be allotted Tract No. 3 and, second, that the allotment made by lottery was unfair and inequitable. We disagree, and we address the arguments *seriatim.*

## II

[1] The superior court, in confirming the report of the Commissioners, made the following findings of fact concerning Tract No. 3:

> 9. Tract No. 3, allotted by the said Commissioners to Benny Von Crotts, adjoins on three sides the home tract of Respondent Archie Leonard Crotts and adjoins on the south side a separate tract of land owned by Respondent Archie Leonard Crotts and adjoins on the east a small strip of land owned by respondent Archie Leonard Crotts.

Archie Crotts contends that he has placed "improvements" (a tobacco barn) on Tract No. 3 and has used Tract No. 3 for many years to reach a "landlocked" parcel which he also owns. Consequently, Archie Crotts argues that Tract No. 3 should be allotted to him based upon these facts, and based upon the generally recognized equitable principle in partitioning proceedings that "[a] tenant in common is entitled, as a matter of right, to a partition of the land to the end that he may have and enjoy his share therein in severalty. . . ." *Seawell v. Seawell,* 233 N.C. 735, 738, 65 S.E. 2d 369 (1951), *Brown v. Boger,* 263 N.C. 248, 256, 139 S.E. 2d 577, 582 (1965). *See also Hyman v. Edwards,* 217 N.C. 342, 344, 7 S.E. 2d 700, 702 (1940), *and Barber v. Barber,* 195 N.C. 711, 712, 143 S.E. 469, 470-71 (1928).

While it is true that courts *may* consider whether one of the tenants in common owns other land adjoining the land to be partitioned, *see Windley v. Barrow,* 55 N.C. 66 (1854), that does not, *ipso facto,* mean that Archie Crotts' share of the property being partitioned *must* be laid off next to his homeplace. Indeed, in *Windley,* despite the fact that the owner of a one-sixth interest also owned adjoining land, an order that the land be sold rather than divided was confirmed. Equally important, in this case, the superior court, in confirming the report of the Commissioners, also found "[t]hat the said Archie Leonard Crotts also owns a tract of land which adjoins Tract No. 1 allotted to Jean Crotts Hiatt by the Commissioners." Archie Crotts, therefore, owned land adjoining *two* of the tracts allotted by the Commissioners. Archie Crotts' land adjoining Tract No. 1 has a common boundary of approximately 1,200 feet with Tract No. 1. Archie Crotts does not contend that he is therefore entitled to have Tract No. 1 allotted to him, too. Simply put, the trial court properly concluded, upon findings supported by the evidence, that Archie Crotts was not equitably entitled to receive Tract No. 3 *solely* on the basis of his ownership of adjoining property.

Moreover, the fact that Archie Crotts has traditionally used a path across Tract No. 3 to get to his "landlocked" tract of land is not a sufficient basis upon which to allot Tract No. 3 to Archie Crotts. First, if Archie Crotts has a legal right of way or easement, or if he is entitled to a cartway or right of way by implication or prescription across Tract No. 3, he could assert his claim notwithstanding the allotment of Tract No. 3 to Benny Von

Crotts. Second, the record reveals that Archie Crotts' "land-locked" parcel is only 140 feet from a public right of way, and the superior court specifically found as a fact "[t]hat there is located on [this] tract of land a mobile home court owned by Archie Leonard Crotts and the residents of said court go across property owned by other parties with the permission of such other parties, to get to and from such mobile home court." Thus, Archie Crotts, and his tenants, have access to the "landlocked" parcel by means other than crossing Tract No. 3.

As a final basis for his claim that he is equitably entitled to have Tract No. 3 assigned to him, Archie Crotts contends that he made or placed improvements on Tract No. 3. We summarily reject this argument. Archie Crotts failed to show that the tobacco barn placed on Tract No. 3 was in fact an "improvement." No evidence was presented relating to the value, if any, of the tobacco barn. At the time the tobacco barn was moved to Tract No. 3, the parties in this case were not tenants in common, as their father was still living and owned the land. Consequently, the principle that "[i]f one tenant in common makes improvements upon the common property he will be entitled, upon actual partition, to have that part of the property which he has improved allotted and assigned to him. . . ," *Jenkins v. Strickland*, 214 N.C. 441, 444, 199 S.E. 612; 614 (1938), has no application to the facts of this case.

Significantly, Archie Crotts now seeks to invoke equity and to have Tract No. 3 assigned to him as his share when, in the original division made by the Commissioners first appointed, Archie Crotts was allotted (1) all of the land referred to as Tract No. 3; (2) an additional tract of 1.899 acres; and (3) one-half (as opposed to one-fourth) of the tobacco allotment. Archie Crotts filed exceptions to this allotment contending, among other things, that the share allotted to him was of grossly inferior value. In view of this, the testimony of Benny Crotts, at the superior court hearing, that "my brother [Archie] said he would keep this property tied up in court until the day he died if he didn't get his way," takes on added significance. He who seeks equity must come into equity with clean hands, or stated differently, "[p]artition is always subject to the principle that he who seeks it by coming into equity for relief must do equity." *Properties, Inc. v. Cox*, 268 N.C. 14, 20, 149 S.E. 2d 553, 557 (1966).

## III

[2]  In his second assignment of error, Archie Crotts contends that the superior court erred in confirming the report of the Commissioners because the actual assignment of the parcels was done by lottery. When there is no question that parcels have been equally divided in terms of value, this court has specifically approved the drawing of lots as a method of assigning the shares to tenants in common. *See Dunn v. Dunn*, 37 N.C. App. 159, 245 S.E. 2d 580 (1978). The *Dunn* Court said:

> The procedure for the partitioning of real property is governed by the provisions of Article I of Chapter 46 of our General Statutes. No section in that Article makes provision for a drawing to determine by lot or chance the manner in which the separate parcels of partitioned real property should be allotted among the several owners. Nevertheless, "in this state partition proceedings have been consistently held to be equitable in nature," and "[t]he statutes are not a strict limitation upon the authority of the court." *Allen v. Allen*, 263 N.C. 496, 498, 139 S.E. 2d 585, 587 (1965). Therefore, there can be no question, and none has been raised, as to the validity of the direction contained in Judge Braswell's order of 18 February 1976 that "the commissioners" meet in the office of the clerk and there conduct a lottery at which the interested parties should "draw for one of the two respective parcels."

*Id.* at 162, 245 S.E. 2d at 582.

In this case, Archie Crotts complains of the result of the lottery; he does not contend that the lottery was improperly or unfairly conducted. Moreover, Archie Crotts concedes in his brief that "all of the evidence shows, and all of the parties contend and agree that the parcels were equally divided in point of value." Although the "lottery" in this case was not court-ordered, as was the case in *Dunn*, we nevertheless believe the *Dunn* case, which specifically approves the assignment of shares to the various tenants in common by the drawing of lots, is applicable to this case. Consequently, the trial court did not err in confirming the Commissioners' report.

The trial court's order confirming the report of the Commissioners is affirmed, and the cost of this appeal is taxed against the appellant.

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.