THORNBURG, Judge.
Lovie C. Lanier and Doreen Mills ("respondents") appeal a judgment and order of the superior court confirming the Report of Commissioners partitioning real property held by Cecil Glenn Lanier and Shirley Lanier ("petitioners") and respondents as tenants in common. For the reasons stated herein, we affirm the order of the trial court.
The relevant facts and procedural history are summarized as follows: Petitioners and respondent Lovie Lanier are tenants in common of real property located in Duplin County, North Carolina ("the property" or "the real property"). Petitioner Cecil Lanierpurchased respondent Doreen Mills's one-third undivided interest in the property, leaving Cecil Lanier with two-thirds undivided interest and Lovie Lanier with a one-third undivided interest in the property. On 22 March 2001, petitioners filed a petition to partition the real property. On 12 June 2002, the Clerk of Duplin County Superior Court entered an order appointing three commissioners to partition the real property. By a report filed 27 December 2002, the commissioners partitioned the property into three separate tracts of land as follows: Tract A, consisting of 7.35 acres; Tract B, consisting of 6.17 acres; and Tract C, consisting of 6.17 acres. The commissioners allotted Tracts A and B to Cecil Lanier and Tract C to Lovie Lanier. Respondents appealed, and, by order of 11 April 2003, the commissioners' partition was confirmed by the clerk of the superior court. Respondent Lovie Lanier then appealed to the superior court.
On 4 September 2003, a hearing on the matter was held in Duplin County Superior Court. On 23 September 2003, the Honorable W. Allen Cobb entered an order confirming the report of the commissioners. Respondents appeal.
Respondents bring forth two assignments of error for this Court's review. Respondents first argue that the trial court erred by confirming the report of the commissioners in that the trial court's finding of fact that the division is fair and equitable is not supported by competent evidence. "Whether a partition in kind is fair and equitable is a question of fact to be determined by the [j]udge of the [s]uperior court upon appeal from a judgment of theclerk affirming the report of commissioners." Robertson v. Robertson, 126 N.C. App. 298, 303, 484 S.E.2d 831, 834 (1997)(internal quotation omitted), disc. review denied, 347 N.C. 138, 492 S.E.2d 26 (1997). Furthermore, "the findings of the judge of the superior court are conclusive and binding if there is any evidence in the record to support them, even where there is evidence supporting a finding to the contrary." Id. (internal quotation and citation omitted).
After a careful review of the record on appeal, we conclude that evidence in the instant case supports the disputed finding of fact. The evidence reveals that the commissioners closely examined the property, taking into account the concerns associated with the house present on Tract A and with potential placement of septic tanks, and partitioned the property into three parcels of relatively equal value. See id. at 304, 484 S.E.2d at 834 (partition of land into parcels of approximately equal value satisfies the requirements of N.C. Gen. Stat. . 46-10 (2003)). As there is competent evidence in the record supporting the finding that the commissioners' division of the property was fair and equitable, this Court is bound by that finding on appeal. This assignment of error is overruled.
Respondents' final argument is that the trial court erred in failing to consider the written appraisal report of Philip R. Mercer. The basis for this argument is that the trial judge's order does not specifically refer to this report in listing what sources were considered in the decision of the case. The trialjudge's order does recite, however, that it considered "other evidence," as well as the testimony of Phillip Mercer given during the hearing. Thus, the record on appeal does not indicate any failure by the trial judge to review appropriate evidentiary sources before entering his order. This assignment of error is overruled.
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).