Daniel, Judge,
 

 after stating the facts, proceeded as follows The act of assembly declares, “ It shall and may be lawful for any court of equity, in cases of application for a division of real estate, when it shall be made to appear that an 'actual partition cannot be made without injury to some or all interested, to order a sale of the property on such terms as the court shall deem just and reasonable.” (Rev. stat. 452. S. 7.) The court, at their discretion, may direct such sale to be made on the premises, or at any other place within the county where such estate is situated.
 
 Provided always,
 
 that when the order of sale shall contain no such direction, sales shall be niade at the places prescribed by
 
 *64
 
 ]aw for public sales (Ibid. Sec. 9.) In this case there can be no doubt but that the court of equity for Perquimans pounty had jurisdiction, as part of the lands lay in that county, and part in Chowan. The act does not confine the jurisdiction to the particular court of equity of the county where each several tract of land may be situated. ’
 
 The terms or
 
 words of the act are,
 
 “
 
 It may be lawful for any court of equity &c., to order a sale of the property.” There was a direction in the order of sale, that the lands should be sold before the door of the court-house of Perquimans county. This is nothing more than what the law would have required of th® master of that court, if nothing had been mentioned in the order as to the place of sale. The act prescribing where masters in equity shall sell lands, when there is no special direction in the order of sale, declares, that they shall make sale, under decrees, at the court-house of their respective counties. (Rev. Stat. 267.) As the court of Perquimans had jurisdiction to order the sale of all the lands, it seems to us, that the master of that court could, by force of the act just mentioned, sell all the lands before the door of his courthouse, although some of the tracts lay in Chowan. But if this were not so, as all the heirs are plaintiffs, and the terms * of sale were prescribed at their own instance, and they have moved for a confirmation of the report, they will be for ever hound by it. They, although some are infants suing by guardian, will not have a day given them in the final decree to show cause against it, when they come of age. It seems to us> that Roberts will have such title as the plaintiffs now have, by force of a conveyance to be made by the master of the court of eqnity making the order of sale.
 

 Where'all the heirs of & decedent join to'selfhis'1 purchaser acquires estate^and thern1ar°f infants no eruheniYo show cause against the final decree‘
 

 The order of confirmation of the report,'therefore is here
 
 1
 
 affirmed with costs,
 

 Per Curiam. Decree affirmed,