Nash, J.
 

 Upon the evidence we could not say that the defendant has established the fact that Andrew Wilson senr. ever did convey the land to his son Andrew Wilson in fee, and it appears that the feme plaintiffs were married when the defendants entered. Yet as this a bill for partition we are unable to sustain it on other grounds. Judge Story, in his commentaries on Equity Jurisdiction, 2 vol. p. 599, in treating on partition, says, “another head, of concurrent jurisdiction is that of partition in cases of real estate held by joint tenants, tenants in] common and parceners.” And our act, passed originally in the year 1787, Rev. Stat. ch. 85, enacts, that the Judges of the Superior Courts of Law and Equity and the Justices of the County Courts of Pleas and Quarter Sessions are required and empowered, on the petition of one or mme persons claiming the real estate of any intestate or otherwise claiming any real estate as tenants in common or joint tenants, &c., to decree a partition. It is
 
 *212
 
 this act that our Courts of Equity exercise jurisdiction on this subject. To entitle a party to the aid of a Court of Equity in making partition, he must state his own title and the title of the defendant, whereby it shall appear that they do claim to hold the lands in one of the characters pointed out in the act. If the defendant denies the legal title of the plaintiff, or claims a sale and adverse possession, a Court of Equity cannot proceed, until the plaintiff has re-established the unity of his possession with the defendant as a tenant in common. This can be done only in a Court of Law, when the title of the plaintiff is a legal one; for the questions of title and possession are legal questions. When, by the trial of issues directed for this purpose, or of an action directed to be brought, the plaintiff has by the verdict of a jury established his legal title and restored the unity of his possession with the defendant, the decree in equity will follow of course. In such cases, that is, when the plaintiff has stated a case in his bill entitling him to the aid of the Court, and the defendant denies his title and possession, the Court will not dismiss the bill,' but will retain it, and give the plaintiff proper time to establish his title and recover the possession of the share he claims.
 
 Wilkin and
 
 Wilkin, 1 John. C. R. 111.
 
 Phelps and Green,
 
 3d do. 282.
 
 Garrett
 
 v
 
 White, 4
 
 Ired. 131. The Court in this case has been urged to retain this bill and give the plaintiffs time to establish their title at law. This we cannot do. The plaintiffs have not stated such a case as in our opinion will authorise the Court to do so. Ic has been before stated, that, in a bill for partition, the plaintiff must not only state his title to the share in the land sought to be divided, but the title of the defendant, whereby it may appear that they are tenants in common, and have a unity of possession. 1st Mod. 240.
 
 Carlwright
 
 v Pultney, 2d Atk. 380. In this case the plaintiffs allege their title to the land in question, and claim the. whole. They deny that the defendant has any title ; and if his purchase of the interest of Andrew Wilson, junior, was a fair one, and made for a valuable consideration, then they charge they are tenants in common with him, are entitled to
 
 *213
 
 have the land divided, and their shares allotted them. And they admit that the defendant is, and for many years has been, in the sole possession of the premises. In no case do they give the defendant a joint title or a joint possession, but make a case for the action of a Court of Law, when the title is exclusively with the plaintiff and the possession with the defendant, and are calling on a Court of Equity to try an action of ejectment. Let them, if they can, establish their title at law, and thereby restore the unity of their possession with the defendant, and equity will aid them, no doubt, in obtaining partition of the land, according to their several interests. The bill must be dismissed, without prejudice to the plaintiffs’ right to file another bill. The plaintiffs must pay the costs.
 

 Per Curiam, Bill dismissed.