Ruffin, C. J.
 

 The demand is not for costs or expenditures in the partition suit, in which case it ought to be satisfied under the original decree. But it is for other advances, made by one of the tenants, on account of the estate held in common ; and there is no doubt, that, for such advances, he has a just claim against his co-tenants, and, also, that in equity he might have looked to the es< tate for his indemnity, if duly asked for, in apt time.— That might have been done in the bill for partition, and
 
 *6
 
 the claim would have been provided for, either out of the profits of t.he estate or the proceeds of the sale ; or probably, the party might have moved for an enquiry and gone before the master, at any time before the fund had been disposed of by the Court. But, as the case stood .when the petition wasfiled.the fund was beyond thereach ofthe party — at least, in this method of proceeding. The estate was no longer in common, but had been divided and allotted in severalty, or, which is the same thing, it had been sold and the proceeds divided or ordered to be distributed in certain proportions and ascertained sums. This demand was not, then, against a common fund, but against, the respective tenants in common for their several shares; and. of course, it no more attached uponthisfund, lhan any other debt of one or more of the persons, who are the heirs. It was argued, that, as a portion of the money has not actually been distributed, but remains in the office, the Court may properly lay hold of it, for the satisfaction of this one of the former co-tenants. But the objection seems to be decisive, that it cannot be done, without flying in the, face of the decree hitherto made; and, indeed, the first step taken on the petition, and unavoidably taken, was to order the master to violate that decree, by not making the distribution and payments therein directed. The first decree was thus left in full force, and, at the same time, it. was contradicted and to be disobeyed by the order of the Court — which is not allowable. It could be put out of the way only by reversing it upon a proper proceeding, which is not attempted here. Indeed, there, is no ground for reversing it, since the matters, now brought forward, wore not then presented to the Court, and most of the claim is, in fact, for payments made since the decree. Under those circumstances, the Court cannot arrest the execution of the decree, or otherwise interfere in that cause between the parties, and the order appealed from was consequently
 
 *5
 
 erroneous, and it must be so certified. The petitioner, McDowell, must pay the costs in this Court.
 

 ■Per Curiam. Ordered and decreed accordingly.