## WILLIAM M. HENSON v. ESTELLE JONES HENSON.

(Filed 5 November, 1952.)

**Partition § 4a—**

> In a suit for partition, a tenant in common may assert in her pleading that she has paid off an encumbrance on the property and ask that she be reimbursed for such sum in the adjustment of the rights of the parties, since the proceeding is equitable in nature and the court has jurisdiction to adjust all equities in respect to the property.

APPEAL by plaintiff from *Sharp, Special Judge,* June Term, 1952, of RANDOLPH. Affirmed.

Petition for sale of real property for partition.

The plaintiff and defendant, who were then husband and wife, obtained title to property, a house and lot, as tenants by the entireties. Since divorced, their relationship to the property has become that of tenants in common. The plaintiff now brings this proceeding to have the property (incapable of actual partition) sold for division.

The defendant filed an answer admitting these facts, but alleged (1) that she was entitled to support for the minor children of the marriage, and (2) that plaintiff and defendant during coverture had executed a mortgage on the property, and that defendant has paid this mortgage in whole or in part. Demurrer to the answer was sustained as to the claim for support of minor children. Defendant's appeal from this judgment was dismissed, and defendant allowed to file amended answer. Defendant's amended answer sets out that defendant has paid $2,500 on the mortgage on the property, and asks that she be reimbursed that sum in the adjustment of the rights of the parties.

Demurrer to the amended answer was overruled and plaintiff appealed.

*Ottway Burton for plaintiff, appellant.*

*P. W. Glidewell, Sr., J. A. Webster, Jr., and Miller & Moser for defendant, appellee.*

DEVIN, C. J. The single question presented is whether in answer to a petition for partition one tenant in common may set up claim for amounts expended to remove an encumbrance on the common property.

The court below overruled the plaintiff's demurrer to the answer on this point, and in this we concur.

Petitions for partition are equitable in their nature, and the court has jurisdiction to consider the rights of the parties under the principles of equity and to do justice between the parties. *Raymer v. McLelland,* 216 N.C. 443, 5 S.E. 2d 321; *Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853; *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554; *Jenkins v. Strickland,* 214 N.C. 441, 199 S.E. 612; *McLamb v. McLamb,* 208 N.C. 72, 178 S.E. 847.

The rule is that in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property to be partitioned. 68 C.J.S. 208. "A tenant in common who has paid or assumed liens or encumbrances on the property ordinarily is entitled on partition to a proportionate reimbursement therefor from the other tenants." 68 C.J.S. 212.

In such case the sale may be ordered and the rights of the parties adjusted from the proceeds of sale. McIntosh, sec. 937. This was apparently the view of the court below in remanding the cause to the clerk for further proceedings as by law provided.

Affirmed.