## MADGE BARLOWE ROBERTS AND HUSBAND, W. M. ROBERTS v. FRANK W. BARLOWE AND WIFE, JERRY BARLOWE

(Filed 25 September 1963.)

**1. Partition § 1—**

Proceedings for partition are equitable in nature, and in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property.

**2. Partition § 8—**

Where respondent admits petitioner's allegation of tenancy in common and that the land should be sold for partition, but asserts claims against petitioner for payments by respondent of obligations of petitioner and liens against the land, judgment on the pleadings decreeing sale is proper, but respondent is entitled as a matter of right to have his claims determined before an order for distribution of the proceeds of the sale is entered.

APPEAL by defendants from *Riddle, S.J.*, June 3, 1963, Civil Session of GASTON.

Special proceeding for sale of lands for partition.

The petition alleges and the answer admits that feme plaintiff and male defendant were formerly wife and husband and owned the lands described in the petition as tenants by the entirety, they were divorced in 1956 and are now tenants in common, and said lands should be sold for partition.

The answer alleges that male defendant is entitled to reimbursement from feme plaintiff's share of the proceeds of the sale (1) $2000 for unauthorized purchases by her prior to the divorce on his credit, which sum he has paid and which she is obligated to repay, and (2) a $4000 debt, which was secured by a deed of trust and which was a lien on said lands at the time of the divorce, he having since paid this obligation. The answer further alleges that there is an unpaid indebtedness of $2000, secured by a deed of trust on said lands executed by the plaintiffs and defendants, that the indebtedness was incurred entirely for the benefit of feme plaintiff and should be paid and discharged from her share of the proceeds of the sale for partition.

Plaintiffs deny any obligation to pay the items referred to in the answer, and deny that they are chargeable to feme plaintiff's share.

At the trial plaintiff moved for judgment on the pleadings. Without determining by jury trial or otherwise the validity or invalidity of male defendant's claims, the court entered judgment ordering a sale of the lands and appointing a commissioner to make the sale. Defendants appeal.

*Hollowell & Stott for plaintiffs.*
*Mullen, Holland & Cooke for defendants.*

PER CURIAM. Proceedings for partition are equitable in nature, and in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property to be partitioned. A sale for partition may be ordered and the rights of the parties adjusted from the proceeds of the sale. *Henson v. Henson,* 236 N.C. 429, 72 S.E. 2d 873. See also 14 Am. Jur., Cotenancy, ss. 43-46, pp. 109-113; 68 C.J.S., Partition, s. 136, pp. 212, 213.

Since the court below made no order affecting the distribution of the proceeds of the sale, the judgment directing a sale of the lands and appointing a commissioner will not be held erroneous. But the male defendant, having asserted his claims before an order of distribution was made, is entitled as a matter of right to have his claims determined before an order of distribution of the proceeds of the sale is entered. *Lewis, Ex Parte,* 42 N.C. 4.

Affirmed.