ETHEL ARMSTRONG ALLEN v. GOLIAH ALLEN; A. H. PHILLIPS AND WIFE, LUCILLE PHILLIPS.

(Filed 15 January, 1965.)

**1. Partition § 1—**

Notwithstanding that the procedure for partition is prescribed by statute, partition proceedings are equitable in nature and the statutes do not impose strict limitations upon the authority of the court or deprive the court of jurisdiction to adjust all equities, and therefore the court has the authority to give directions to the commissioners to the end that justice be done between the parties.

**2. Partition § 9—**

Where, after the commissioners' report has been set aside, the court orders another partition and directs the commissioners to hear the proof and allegations of the parties before making such partition, it is error for the court to approve the commissioners' report made without hearing the proof and allegations of the parties as directed.

APPEAL by plaintiff from *Braswell, J.,* July 1964 Civil Session of CUMBERLAND.

This is a special proceeding for partition of a tract of land containing 20½ acres. Plaintiff owns a 17/28 interest; defendant Allen is her husband. Defendants Phillips own 11/28 interest. Commissioners were appointed to make partition; they filed their report 4 November 1961. Plaintiff filed exceptions. After hearing, the clerk confirmed the report. Plaintiff appealed to superior court and the appeal was heard at the June Term, 1962. The court entered judgment modifying the report so as to make certain changes in the allotments of land. Plaintiff then appealed to Supreme Court, and this Court ordered the judgment vacated and the cause remanded to superior court for hearing *de novo* upon plaintiff's exceptions to the commissioners' report. *Allen v. Allen,* 258 N.C. 305, 128 S.E. 2d 385. At the August 1963 session of the Superior Court of Cumberland orders were entered setting aside the report of the commissioners, directing that a "new partition" be made, and authorizing the commissioners to charge owelty against the more valuable dividend in favor of the dividend of inferior value, if necessary to make an equitable partition. The commissioners were given these further directions: ". . . you are now . . . further directed to *hear the proofs and allegations* of the parties, to again and further view the premises and to make such inspection and survey as you may require and *after the testimony is closed,* to report your findings and file your report with this Court." (Emphasis added). The original commissioners were continued in service. Pursuant to these orders, the commissioners filed their report on 20 November 1963. The allotments of land made by them were the same as in their first report which had been set aside, but they charged against the allotment to defendants Phillips owelty in the amount of $500 to be paid plaintiff. Plaintiff filed exceptions; the clerk confirmed the report. On appeal to superior court the report was confirmed by the judge.

*Robert B. Morgan for plaintiff petitioner.*
*Quillin, Russ & Worth for defendant respondents.*

MOORE, J. Plaintiff contends that the judge erred in refusing to set aside the report of the commissioners, for that the commissioners failed to give notice to the plaintiff "of the time and date of the purported division, and failed to give to the petitioner (plaintiff) the opportunity to offer proof and allegations as directed."

In the judgment of confirmation the judge made a finding "that the commissioners physically went upon the land in surveying and arriving at their Report of November 20, 1963; however, none of the parties were present at the time of said visit by the Commissioners to the premises." Furthermore, there is nothing in the report to indicate that the commissioners at any time heard the "proofs and allegations" of the parties before making the division and filing their report. Commissioners are required by law to "make a full and ample report of their proceedings . . . specifying therein the manner of executing their trust." G.S. 46-17. It is clear that plaintiff's proofs and allegations were not heard by the commissioners. In this respect the commissioners did not carry out the court's orders.

There is no statutory requirement that commissioners appointed to partition land shall hear and consider evidence offered by the tenants in common or their contentions prior to or at the time of making partition.

Prior to 1868 courts of equity had jurisdiction of partition proceedings in North Carolina. Since that date partition has been by special proceeding before the clerk of superior court, with right of review by the judge of superior court. *Brown v. Boger, ante,* 248. Procedure is outlined by statute. G.S., Ch. 46. But in this state partition proceedings have been consistently held to be equitable in nature. *Roberts v. Barlowe,* 260 N.C. 239, 132 S.E. 2d 483; *Mineral Co. v. Young,* 220 N.C. 287, 17 S.E. 2d 119; *Raymer v. McLelland,* 216 N.C. 443, 5 S.E. 2d 321; *Wolfe v. Galloway,* 211 N.C. 361, 190 S.E. 213; *Clark v. Carolina Homes,* 189 N.C. 703, 128 S.E. 20; *Geer v. Geer,* 109 N.C. 679, 14 S.E. 297; *Purvis v. Wilson,* 50 N.C. 22; *Weeks v. Weeks,* 40 N.C. 111; *Ramsay v. Bell,* 38 N.C. 209; *Ex Parte Skinner,* 22 N.C. 63. The statutes are not a strict limitation upon the authority of the court. Since the proceeding is equitable in nature, the court has jurisdiction to adjust all equities in respect to the property. *Henson v. Henson,* 236 N.C. 429, 72 S.E. 2d 873. As where a tenant in common has paid off an encumbrance, *Henson v. Henson, supra;* where a tenant in common has made improvements, *Jenkins v. Strickland,* 214 N.C. 441, 199 S.E. 612; where justice requires that timber be sold and the land divided, *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369; or where a cotenant owns adjoining property and desires an allotment adjacent thereto, *Windley v.*

*Barrow*, 55 N.C. 66, 68. The court has authority to give directions to the commissioners to the end that justice be done between the parties.

The court directed that the commissioners hear the "proofs and allegations" of the tenants in common. The court had authority to give directions which to him seemed proper to bring about an equitable partition. The commissioners failed or refused to carry out the directions in question. Where commissioners fail to carry out the orders of the court in some material respect it is error to confirm their report, especially if it appears that a party or parties have probably suffered injury by reason of such failure. *McConnell v. McConnell*, 134 S.E. 470 (Va. 1926).

Plaintiff contends, and offered evidence before the judge tending to show, that the partition is inequitable. Though the judge rejected this contention, we cannot say that the commissioners would not have viewed the matter of values and the advantages of location in a different light had they heard plaintiff's evidence and contentions before completing their work. The confirmation by the judge was undoubtedly based in a large measure on the commissioners' report and recommendations. It was error to confirm the report; it should have been rejected for failure to carry out material directions.

The cause is remanded to superior court with direction that the report of the commissioners be vacated, and *either* that there be a reappraisal by the same commissioners according to the directions of the court *or* that the present commissioners be discharged and new commissioners appointed to view the premises and make partition thereof. *Langley v. Langley*, 236 N.C. 184, 72 S.E. 2d 235. We do not wish to be understood as suggesting that the present commissioners are not entirely impartial and competent. Whether the same or new commissioners partition the land is not a question for us to determine.

Error and remanded.