JAMES CARL WALL v. SARAH KING WALL

No. 7410SC905

(Filed 5 March 1975)

1. **Husband and Wife § 17— estate by entireties — termination — charge against wife's share from partition sale — insufficient evidence**

In a proceeding instituted by plaintiff who was the divorced husband of defendant for a partition sale of certain real property owned by them as tenants in common, the trial court erred in entering summary judgment for plaintiff charging defendant's share of the proceeds from the partition sale with the amount of a judgment declared by a judge in a prior action between the same parties, since plaintiff alleged that the property was subject to the judgment described in the petition, that allegation was denied by defendant, and the question thereby raised could not be determined from the record presented to the trial court.

2. **Rules of Civil Procedure § 56— summary judgment — findings of fact by trial court unnecessary**

It is not necessary for the trial judge in passing on motions for summary judgment to make findings of fact.

3. **Husband and Wife § 17— estate by the entireties — termination by absolute divorce — no reimbursement for sums spent for property prior to termination**

Upon divorce the two former spouses become equal cotenants of property owned by the entireties even though one of the former spouses paid the entire purchase price, and each spouse is entitled to an undivided one-half interest in the property and is entitled to partition the property; however, expenditures for the property after

---

Wall v. Wall

---

the final decree of absolute divorce are treated as they normally would be in a tenancy in common.

**4. Husband and Wife § 17— termination of estate by entireties — no reimbursement for sums spent on property prior to termination**

> The trial court correctly concluded that the defendant was not entitled to be reimbursed for sums paid on an indebtedness encumbering an estate by the entireties during her marriage to plaintiff, but she was entitled to credit for all sums paid by her on the indebtedness after the judgment of absolute divorce.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 12 July 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 24 January 1975.

In this proceeding the plaintiff, James Carl Wall, divorced husband of the defendant, Sarah King Wall, filed a petition on 7 February 1974 for a partition sale of certain real property owned by them as tenants in common. In his petition plaintiff alleged that the property was subject to a deed of trust dated 9 October 1963 and recorded in Book 1571, Page 199, Wake County Registry, and subject "to a judgment dated November 26, 1973 and recorded in judgment Docket Book 27, Page 76."

The defendant filed answer admitting that the property was subject to a deed of trust but denied that it was subject to the judgment described in the petition. Defendant also filed a counterclaim seeking reimbursement of sums allegedly paid by her from 1 July 1958 to 4 November 1963 toward the reduction of the outstanding indebtedness on a note and deed of trust executed by the parties on 19 July 1950 and reimbursement of sums paid by her from 1963 until the date of filing the counterclaim on a note and deed of trust executed by the parties on 9 October 1963.

Plaintiff filed a reply denying the material allegations of the counterclaim.

Pursuant to G.S. 1-399, and upon motion of plaintiff, the proceeding was transferred from the clerk to the superior court for trial upon all issues raised by the pleadings.

On 5 March 1974, plaintiff filed a motion for summary judgment. On 8 July 1974, defendant filed an affidavit in opposition to the motion for summary judgment wherein she alleged the following:

"2. That from July 1, 1958, to December 1, 1963, I paid from personal funds all monthly payments of principal,

Wall v. Wall

interest, taxes and insurance as they became due on out-standing mortgages on the house and lot located at 1201 Mitchell Street, Raleigh, North Carolina.

3. That from December 1, 1963, until January 1, 1973, in lieu of paying myself $20.00 per week under order of the Court, I paid all monthly payments of principal, interest, taxes and insurance on 1201 Mitchell Street, Raleigh, North Carolina, from the guardianship account of James Carl Wall as his guardian.

4. That from January 1, 1973, to date, I have paid from personal funds all monthly payments of principal, interest, taxes and insurance on 1201 Mitchell Street, Raleigh, North Carolina."

When the matter came on for hearing on plaintiff's motion for summary judgment, Judge Bailey made the following pertinent recital:

"It was stipulated between the parties that the parties were divorced on February 6, 1974, the property in question being owned as tenants by the entirety; and plaintiff stipulated that defendant was entitled to an accounting from any proceeds of the sale of the property to be reimbursed for any payments made by the defendant for the benefit of the property as payments on the mortgage since the date of divorce, February 6, 1974."

Judge Bailey made the following findings of fact:

"1. Plaintiff and defendant were married and owned the property in question as tenants by the entirety for all times relevant up to the date of February 6, 1974, when ownership in the property was converted to a tenancy in common by the divorce of the parties.

2. Judge Hamilton H. Hobgood in Civil Action 72 CVS 9198 between the same parties entered a judgment on November 26, 1973, copy of which is attached to this judgment, which judgment entered by Hobgood, J., considered all of the equities of the various payments between the parties, including the payments by the defendant on the mortgage for the home in question here, as well as other payments by and between the parties."

The trial judge made the following conclusions of law:

"1. As a matter of law, neither the plaintiff nor the defendant owning property as a tenancy by the entirety prior to their divorce are entitled to any reimbursement for payments on the mortgage or for other benefits to the property during their marriage.

2. The judgment of Hobgood, J., entered November 26, 1973, in Civil Action 72 CVS 9198, attached hereto, specifically deals with and resolves the equitable issues raised in defendant's answer and counterclaim.

3. The defendant is entitled to reimbursement prior to division of the proceeds of the sale for any amount paid by her for the benefit of the property in payment of mortgages on the property since the divorce on February 6, 1974.

4. The plaintiff is entitled to have the property sold pursuant to its petition to partition.

5. The plaintiff is entitled to have defendant make a payment of Seven Hundred Twenty-Eight and 63/100 Dollars ($728.63) toward a reduction of the balance due on the note and deed of trust prior to the sale at partition, or a credit in that sum from the proceeds of the sale pursuant to the judgment herein referred to by Hobgood, J. in 72 CVS 9198."

Based upon his findings of fact and conclusions of law, Judge Bailey entered summary judgment for plaintiff. Defendant appealed.

*Kimzey, Mackie & Smith by Stephen T. Smith for plaintiff appellee.*

*Thomas S. Erwin for defendant appellant.*

HEDRICK, Judge.

[1]   The pleadings raise only the question of how the proceeds of the partition sale of the property shall be divided between the tenants in common. In his petition the plaintiff alleged that the property was subject to a judgment dated 26 November 1973, recorded in Docket Book 27, page 76. The defendant denied this allegation. Nothing further appears in the record regarding the judgment described in the petition. However, the trial judge

Wall v. Wall

incorporated by reference in his findings of fact a judgment entered by Judge Hobgood dated 26 November 1973 in Case No. 72 CVS 9198 between the same parties and concluded that:

"The plaintiff is entitled to have defendant make a payment of Seven Hundred Twenty-Eight and 63/100 Dollars ($728.63) toward a reduction of the balance due on the note and deed of trust prior to the sale at partition, or a credit in that sum from the proceeds of the sale pursuant to the judgment herein referred to by Hobgood, J. in 72 CVS 9198."

The effect of this conclusion was to declare that the judgment described in the findings of fact was a lien on defendant's interest in the property. It may be that the judgment referred to in the findings of fact is a lien against the property in question, but there is simply nothing in the record to support such a conclusion. Moreover, it may be that the property in question is subject to a judgment described in the petition (Docket Book 27, page 76), but this allegation was denied by defendant and the question thereby raised has not been determined and could not be determined from the record presented to Judge Bailey. Therefore, summary judgment for plaintiff charging defendant's share of the proceeds from the partition sale of the property, $728.63, pursuant to the judgment of Hobgood described in the findings of fact, was not appropriate; and that portion of the order must be vacated and the proceeding remanded to the superior court for a determination of to what extent, if any, the property in question is subject to a judgment as described in the petition.

[2]   We note the error discussed above might have been avoided if the trial judge, rather than undertaking to find facts to support his conclusions of law, had determined the plaintiff's motion for summary judgment on the record presented to him. We point out again that it is not necessary for the trial judge in passing on motions for summary judgment to make findings of fact. The following, from *General Teamsters, Chauffeurs & Helpers U. v. Blue Cab Co.*, 353 F. 2d 687, 689 (7th Cir. 1965), may be instructive:

"The making of additional specific findings and separate conclusions on a motion for summary judgment is ill advised since it would carry an unwarranted implication that a fact question was presented."

With respect to defendant's counterclaim for reimbursement of sums paid on notes secured by deeds of trust encumbering the property in question, the defendant assigns as error the court's conclusion that:

> "As a matter of law, neither the plaintiff nor the defendant owning property as a tenancy by the entirety prior to their divorce are entitled to any reimbursement for payments on the mortgage or for other benefits to the property during their marriage."

Citing *Roberts v. Barlowe,* 260 N.C. 239, 132 S.E. 2d 483 (1963) and *Henson v. Henson,* 236 N.C. 429, 72 S.E. 2d 873 (1952), defendant contends she is entitled to a hearing on her equitable counterclaim for reimbursement of sums paid by her out of her personal funds during her marriage to the plaintiff on the indebtedness secured by deeds of trust on the property owned by them as tenants by the entirety.

The cases cited by the defendant stand for the proposition that once an estate by the entirety has been dissolved by decree of absolute divorce and the husband and wife become owners of the property as tenants in common, either party in answer to a petition for partition is entitled to a hearing on his or her equitable claim for reimbursement for funds expended as a tenant in common toward the reduction of an encumbrance on the common property.

[3] The general rule is that upon divorce the two former spouses become equal cotenants even though one of the former spouses paid the entire purchase price. Each spouse is entitled to an undivided one-half interest in the property and is entitled to partition the property. However, expenditures for the property after the final decree of absolute divorce are treated as they normally would be in a tenancy in common. 2 Lee, North Carolina Family Law § 120 (1963) ; 4A Powell, Law of Real Property § 624 (1974) ; 27A C.J.S. Divorce § 180 (1959).

[4] In the present case, defendant's counterclaim for reimbursement includes sums allegedly paid by her on the indebtedness while she and the plaintiff owned the property as tenants by the entirety and while they owned the property as tenants in common. The stipulation between the parties supports the decree that the defendant must be given credit for all sums paid by her on the indebtedness after the judgment of absolute divorce. An estate by the entirety is a form of co-ownership of real

property by a husband and wife in which each is deemed to be seized of the entire estate, with neither spouse having a separate or undivided interest therein. *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); 2 Lee, North Carolina Family Law § 112 (1963). Thus, because of the nature of the estate by the entirety, we are of the opinion that the trial court correctly concluded that the defendant was not entitled to be reimbursed for sums paid on the indebtedness encumbering such an estate during her marriage to the plaintiff. This decision makes it unnecessary for us to discuss whether the judgment referred to in the findings of fact is res judicata as to this portion of the defendant's alleged counterclaim.

Therefore, summary judgment for plaintiff, in effect an order allowing plaintiff's motion to dismiss defendant's counterclaim for reimbursement of sums paid on the indebtedness during the marriage, pursuant to Rule 12(b)(6) for failure to state a claim for which relief could be had, must be affirmed.

The result is: that portion of the judgment ordering the sale of the property for partition and dismissing defendant's counterclaim to be reimbursed money paid by her during her marriage to the plaintiff is affirmed; that portion of the judgment decreeing that credit be given to defendant for any sums paid on the deeds of trust encumbering the property since 6 February 1974 (date of judgment of final divorce) is affirmed; that portion of the judgment decreeing that plaintiff is entitled to $728.63 credit pursuant to the judgment of Hobgood entered in 72 CVS 9198 is vacated.

The proceeding is remanded to the superior court to determine to what extent, if any, the property in question is subject to a judgment as described in the petition. Upon remand, the trial court will also determine the exact amount of money paid by the defendant upon the indebtedness encumbering the property after she and the plaintiff were divorced.

Affirmed in part; vacated and remanded in part.

Judges MORRIS and PARKER concur.