**BARLOWE v. BARLOWE**

[113 N.C. App. 797 (1994)]

---

GARY O. BARLOWE, PLAINTIFF v. MARCELLA D. BARLOWE, DEFENDANT

No. 9322DC863

(Filed 1 March 1994)

1. **Divorce and Separation § 149 (NCI4th) — equitable distribution — unequal division of property — physical custody of children — evidence sufficient**

The trial court did not err by ordering an unequal division of the marital property in favor of defendant-wife where the court concluded that because the defendant had physical custody of the two children she had a need to occupy the marital residence and that an unequal division was equitable because plaintiff had an income approximately twice the defendant's income. Both of those reasons are factors within the scope of N.C.G.S. § 50-20(c).

BARLOWE v. BARLOWE

[113 N.C. App. 797 (1994)]

**Am Jur 2d, Divorce and Separation §§ 923, 930.**

**Divorce and separation: effect of trial court giving con-
sideration to needs of children in making property division—
modern status. 19 ALR4th 239.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

2. **Divorce and Separation § 176 (NCI4th)— equitable distribution
—unequal distribution—not arbitrary**

   The trial court did not abuse its discretion in an equitable
distribution action in the degree of the unequal division
distributed to defendant where the court did not articulate
in the judgment the percentage of the marital property that
would be distributed to each party, but the percentages to
be distributed to each party could be determined from the
judgment and, given the distributive factors found by the trial
court, it could not be said that the distribution was not the
result of a reasoned decision.

**Am Jur 2d, Divorce and Separation § 932.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Judge JOHNSON dissenting.

Appeal by plaintiff from judgment filed 2 July 1993 by Judge
James M. Honeycutt in Alexander County District Court. Heard
in the Court of Appeals 18 January 1994.

*Edward Jennings for plaintiff-appellant.*

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines, for
defendant-appellee.*

GREENE, Judge.

Gary O. Barlowe (plaintiff) appeals from an equitable distribu-
tion judgment which unequally distributed the marital property
of plaintiff and Marcella D. Barlowe (defendant).

The trial court's relevant findings are summarized as follows:
Two children were born of the marriage, ages seventeen and twelve
at the time of the equitable distribution hearing; a consent order
entered in November of 1991 gave the parties joint custody of
the children with defendant having primary physical custody; plain-

## BARLOWE v. BARLOWE

[113 N.C. App. 797 (1994)]

tiff was granted secondary custody in the form of alternate weekend visitation; since the parties' separation, defendant and the children have continued to reside in the marital home; plaintiff is employed and had a gross income in 1992 of $14,000.00; defendant is employed part-time and had a gross income of $6,480.00 in 1992; and the value and distribution of the property was to be as noted on the schedules attached to the judgment which listed the various items of marital property and reflected a net value on each item.

The court concluded that an unequal division of the marital property in favor of defendant was equitable "based upon the need of the defendant who has primary physical custody of the parties' minor children to the use of the marital home, and based also upon the disparity in the incomes of the parties." The trial court ordered that the respective parties were the owners of the "property distributed to . . . [them] pursuant to the attached schedules" and directed defendant to pay plaintiff "a distributive award in the total amount of $4,973.50."

The judgment does not reflect the percentage of the marital estate each party was to receive or did in fact receive. Our review of the judgment and its attachments, however, reveals that after consideration of the cash payment defendant was required to make to the plaintiff, plaintiff received assets having a net value of $12,298.50 and the defendant received assets having a net value of $36,885.50.

---

The issues are (I) whether the findings of fact support the conclusion that an unequal division of the marital property was equitable, and if so, (II) whether the degree of the division in favor of the defendant was an abuse of discretion.

I

[1] "When evidence tending to show that an equal division of marital property would not be equitable is admitted" in an equitable distribution proceeding, the trial court has wide discretion to divide the property unequally. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "[I]f no evidence is admitted tending to show that an equal division would be inequitable, the trial court must divide the marital property equally." *Id.* at 776, 324 N.C. at 832-33.

BARLOWE v. BARLOWE

[113 N.C. App. 797 (1994)]

In this case, the judgment shows that the trial court was convinced that the defendant met her burden of showing by a preponderance of the evidence that an equal division would not be equitable. The trial court concluded, based on findings of fact in the record, that because the defendant had physical custody of the two minor children born of the marriage she had a need to occupy the marital residence and because the plaintiff had an income approximately twice the defendant's income "an unequal division . . . in favor of the defendant" was equitable. Both of the reasons given by the trial court are factors within the scope of N.C. Gen. Stat. § 50-20(c) and thus can support an unequal division. N.C.G.S. § 50-20(c)(1) & (4); *see Patterson v. Patterson*, 81 N.C. App. 255, 260, 343 S.E.2d 595, 599 (1986); *Bradley v. Bradley*, 78 N.C. App. 150, 153-54, 336 S.E.2d 658, 660-61 (1985) (no error in unequal distribution based in part upon finding of disparity in parties' incomes). Thus, the trial court did not abuse its discretion in ordering an unequal division of the marital property "in favor of the defendant."

II

[2]　The plaintiff nonetheless contends that the degree of the unequal division "in favor of the defendant" is arbitrary and thus an abuse of discretion. If the decision is "so arbitrary that it could not have been the result of a reasoned decision," it must be reversed. *White*, 312 N.C. at 777, 324 S.E.2d at 833.

In this case, the trial court did not articulate in its judgment the percentage of the division of the marital property that would be distributed to each party. Although such a statement in the judgment would assist this Court in reviewing the trial court's exercise of its discretion, it is not necessary when, as in this case, we are able to determine from the judgment the percentages of marital property actually awarded to each party. After adjusting the percentages to reflect the distributive award, plaintiff received 25.005% of the marital property and defendant received 74.994% of the marital property. We are unable to say, in light of the Section 50-20(c) factors found by the trial court, that this distribution was not "the result of a reasoned decision" by the trial court.

Affirmed.

Judge JOHN concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent. I agree with the majority that no abuse of discretion appears in the trial court's determination that an unequal distribution in favor of defendant is warranted. I disagree, however, that the findings made are sufficient to support the distribution ordered.

Plaintiff specifically assigns as error and argues in his brief that the distributive award is arbitrary and is not supported by the facts or applicable law. He further argues more generally that the division ordered by the court is not supported by the evidence or by sufficient findings of fact. I agree with plaintiff that the court failed to make sufficient findings of fact to support its division in that it failed to make any findings concerning the distributive award. The judgment shows that the trial court directed defendant to pay a distributive award in the total amount of $4,973.50, but made no findings of fact and no conclusions of law addressing the distributive award or the amount ordered to be paid.

Although the trial court has wide discretion in determining an equitable distribution of marital property, its discretion is not unlimited. The trial court's determination will not be upheld on appeal if the evidence fails to show any rational basis for the distribution ordered. See *Nix v. Nix*, 80 N.C. App. 110, 341 S.E.2d 116 (1986). Furthermore, the court's exercise of its discretion is restricted in that the court must make findings and conclusions that support its division. *Smith v. Smith*, 111 N.C. App. 460, 433 S.E.2d 196, *reh'g denied*, 335 N.C. 177, 438 S.E.2d 202 (1993). Although the court is not required to make exhaustive findings regarding the evidence presented at the equitable distribution hearing, it is required to make findings sufficient to permit the appellate court on review to determine from the record whether the judgment and the conclusions underlying it represent a correct application of the law. *Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E.2d 595 (1988). "When the findings and conclusions are inadequate, appellate review is effectively precluded." *Id.* at 405, 368 S.E.2d at 600.

The court's discretion is not so broad that it can order a party to pay a distributive award in any amount it chooses. Rather, there must be a rational basis in the evidence for the amount ordered to be paid, and the court must make sufficient findings to show the basis for the amount of the award or at least sufficient findings from which the appellate court can determine for itself

the basis for the award. The absence of such findings precludes any meaningful appellate review of the distributive award, thereby hampering appellate review of the distribution as a whole.

Although the distributive award in the present case may very well be proper, we are unable to determine whether it is appropriate because the judgment is devoid of any findings of fact concerning the award. In the absence of any findings of fact or conclusions of law concerning the distributive award, we cannot determine whether there is a rational basis in the evidence for the award or whether the award constitutes an abuse of discretion. Because the trial court failed to make any findings of fact showing the basis for the distributive award, or any findings from which we can determine the basis for the award, I vote to vacate the judgment and remand the cause for additional findings and conclusions and entry of a proper judgment.