McGEE, Chief Judge.
 

 I.
 
 Facts
 

 Stephen Tarr ("Petitioner") and Melissa Zalaznik ("Respondent") made a $245,000.00 cash purchase of a lot with a house ( (the "House") and, together with the lot, (the "Property") ) in Fayetteville on 28 October 2013. Petitioner provided $145,000.00 of the purchase price, and Respondent contributed $100,000.00. The deed conveying the Property to Petitioner and Respondent noted that each was unmarried, and that the Property was being conveyed to them "as joint tenants with the right of survivorship[.]" Petitioner and Respondent lived
 together in the House as an unmarried couple for a few years. The relationship between Petitioner and Respondent deteriorated, and the record indicates that Petitioner moved out of the House in 2016. Respondent continued to reside in the House for more than a year after Petitioner's departure.
 

 Petitioner filed a "Petition to Partition" (the "petition") with the Clerk of Superior Court, Cumberland County (the "Clerk"), on 10 May 2016.
 
 See
 

 N.C. Gen. Stat. § 46-3
 
 (2017) ("One or more persons claiming real estate as joint tenants or tenants in common ... may have partition by petition to the superior court."). Petitioner stated that, although he "desire[d] to hold fifty percent ... interest in [the Property] in severalty," he was requesting a partition by sale, pursuant to
 
 N.C. Gen. Stat. § 46-22
 
 (a) -arguing that actual partition of the Property could not "be made without injury to the parties ... and it [wa]s necessary that the court order a sale
 for partition among the tenants in common."
 
 See
 

 N.C. Gen. Stat. § 46-22
 
 (a) (2017).
 

 Respondent answered the petition on 10 June 2016 and, though she did not specifically argue against a partition by sale, Respondent stated:
 

 [A]lthough the parties to this action are tenants in common to the real estate described in the [p]etition [the Property], it is doubtful that at a public sale of the [Property it] could be sold at its fair market value and Respondent, pursuant to N.C.G.S. § 46-22.1, requests that the [trial court] order the parties mediate before an order is entered requiring a public sale of the [Property].
 

 See
 

 N.C. Gen. Stat. § 46-22.1
 
 (b) (2017) ("When a partition sale is requested, the court or the clerk may order mediation before considering whether to order a sale."). Respondent further asked "[f]or such equitable relief as the [trial court] might deem proper to protect the interest of Respondent." The record does not include any evidence that mediation was ordered, and the petition was heard by the Clerk, who thereafter entered an order on 17 October 2016. The Clerk found as fact that both Petitioner and Respondent "believe[d] that an actual partition of the [P]roperty [could not] be made without substantial injury to the parties"; and that the Property "should be sold for partition as provided in N.C.G.S. § 46-28 and that a commissioner should be appointed by the [trial court] for that purpose."
 
 See
 

 N.C. Gen. Stat. § 46-28
 
 (a) (2017) ("The procedure for a partition sale shall be the same as is provided in Article 29A of Chapter 1 of the General Statutes, except as provided herein."). The Clerk appointed a commissioner (the "Commissioner") to conduct
 a sale of the Property, and ordered that "the proceeds, after payment of all costs, be distributed [to Petitioner and Respondent] as by law provided[.]"
 
 See
 

 N.C. Gen. Stat. §§ 46-7
 
 , 46-28, and 46-33 (2017)
 
 [1]
 

 The Commissioner filed a motion on 10 November 2016 to sell the Property, and the Clerk entered an order granting the motion to sell the Property on the same day. Neither the Commissioner's motion nor the Clerk's order specifically addressed how the proceeds of the sale would be divided. The Commissioner conducted a sale of the Property, and the highest offer was for a purchase price of $220,000.00. The Clerk approved and confirmed the sale of the Property on 7 June 2017, and ordered the Commissioner to deliver title to the purchasers upon receipt of the purchase price. Neither party appealed the order of confirmation of sale and, therefore, it became a final order.
 
 N.C. Gen. Stat. § 46-28.1
 
 (f) (2017). After all costs had been deducted from the sales proceeds, $192,323.87 remained in the Commissioner's account for distribution to Petitioner and Respondent.
 

 For reasons not made clear by the record, the net proceeds of the sale were not disbursed at the time the order of confirmation became final. N.C.G.S. § 46-33 ("At the time that the order of confirmation becomes final, the court shall secure to each tenant in common, or joint tenant, his ratable share in severalty of the proceeds of sale."). Approximately four months after the sale of the Property, Petitioner filed a "Supplemental Petition," on 5 October 2017, wherein he noted that "the proceeds received from the sale of the property did not equate for [Petitioner and Respondent] to recover their initial portion of the purchase price[.]" Therefore, Petitioner requested "that [the] net proceeds be divided and apportioned pursuant to [the] initial contribution" amounts provided by Petitioner and Respondent. Specifically, Petitioner requested that he receive fifty-nine percent of the net proceeds and that Respondent receive forty-one percent-in order to correspond with Petitioner's contribution of $145,000.00 to the purchase of the Property compared with Respondent's $100,000.00 contribution.
 

 The Clerk agreed with Petitioner that the net proceeds from the sale of the Property should be divided in proportion to the contributions made by Petitioner and Respondent
 toward the purchase of the Property. Therefore, the Clerk ordered a fifty-nine percent to forty-one
 percent distribution in favor or Petitioner. Respondent appealed, and the matter was heard in superior court. By judgment entered 10 January 2018, the trial court conducted a
 
 de novo
 
 review, agreed with the decision of the Clerk, and ordered the same fifty-nine percent to forty-one percent division of the net proceeds in Petitioner's favor. Respondent appeals.
 

 II.
 
 Standard of Review
 

 "An action for partition under [Chapter 46] is a special proceeding. When such action is appealed from the clerk to the superior court 'for any ground whatever ...,' the trial court has the authority to consider the matter
 
 de novo
 
 ."
 
 Jenkins v. Fox
 
 ,
 
 98 N.C. App. 224
 
 , 226,
 
 390 S.E.2d 683
 
 , 685 (1990) (citations omitted);
 
 see also
 

 N.C. Gen. Stat. § 46-1
 
 (2017). When the trial court acts as the trier of fact:
 

 [T]he standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable
 
 de novo
 
 .
 

 "[W]hether a partition order and sale should issue is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law."
 

 Solesbee v. Brown
 
 , --- N.C. App. ----, ----,
 
 805 S.E.2d 183
 
 , 186-87 (2017) (citations omitted).
 

 III.
 
 Analysis
 

 Respondent argues the trial court erred in ordering an unequal distribution of the net proceeds from the partition by sale of the Property. We disagree.
 

 A.
 
 Chapter 46. Partition
 

 Chapter 46 of the North Carolina General Statutes governs the partition of real property held by cotenants-tenants in common and joint tenants-including the partition in the present case. Both Petitioner and Respondent agreed to partition of the Property by sale pursuant to N.C.G.S. § 46-22(a). Respondent does not challenge any part of the
 
 sale
 
 of the Property. Respondent's argument is that the trial court was
 without the authority to order that Petitioner receive a greater share of the net proceeds from the sale of the Property.
 

 Respondent's argument does not recognize that a partition proceeding is a proceeding in equity, not law. Concerning the disbursement of the net proceeds pursuant to partition by sale, N.C.G.S. § 46-33 states that, after completion and confirmation of a sale of real property in a partition proceeding, "the court shall secure to each tenant in common, or joint tenant, his ratable share in severalty of the proceeds of sale." N.C.G.S. § 46-33. Equitable principles apply to the decision of the trial court in this regard. "Prior to 1868 courts of equity had jurisdiction of partition proceedings in North Carolina. Since that date partition has been by special proceeding before the clerk of superior court, with right of review by the judge of superior court. Procedure is outlined by statute. G.S., Ch. 46."
 
 Allen v. Allen
 
 ,
 
 263 N.C. 496
 
 , 498,
 
 139 S.E.2d 585
 
 , 587 (1965) (citation omitted). "The superior court still possesses all the powers and functions of a court of equity which it possessed prior to 1868. The method of finding facts has been changed, but none of the powers of the court have been abridged."
 
 McLarty v. Urquhart
 
 ,
 
 153 N.C. 339
 
 , 340-41,
 
 69 S.E. 245
 
 , 246 (1910). In general, the purpose of equitable remedies "is 'the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice.' "
 
 Bank of N.Y. Mellon v. Withers
 
 ,
 
 240 N.C. App. 300
 
 , 302,
 
 771 S.E.2d 762
 
 , 764 (2015) (citation omitted) (case concerning equitable subrogation).
 

 More specifically, even though partition of real property is governed by Chapter 46,
 

 in this state partition proceedings have been consistently held to be equitable in nature. The statutes are not a strict limitation upon the authority of the court. Since
 the proceeding is equitable in nature, the court has jurisdiction to adjust all equities in respect to the property. .... The court has authority to give directions ... to the end that justice be done between the parties.
 

 Allen
 
 ,
 
 263 N.C. at 498-99
 
 ,
 
 139 S.E.2d at 587-88
 
 (citation omitted);
 
 see also
 

 Gray v. Crotts
 
 ,
 
 58 N.C. App. 365
 
 , 370,
 
 293 S.E.2d 626
 
 , 629 (1982). In an opinion affirming the trial court's ruling that, in a partition proceeding, "one tenant in common may set up claim for amounts expended to remove an encumbrance on the common property[,]"
 
 Henson v. Henson
 
 ,
 
 236 N.C. 429
 
 , 429,
 
 72 S.E.2d 873
 
 , 873 (1952), our Supreme Court explained:
 

 Petitions for partition are equitable in their nature, and the court has jurisdiction to consider the rights of the parties under the principles of equity and to do justice between the parties.
 

 The rule is that in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property to be partitioned. "A tenant in common who has paid or assumed liens or encumbrances on the property ordinarily is entitled on partition to a proportionate reimbursement therefor from the other tenants."
 

 In such case the sale may be ordered and the rights of the parties adjusted from the proceeds of sale.
 

 Id.
 
 at 430,
 
 72 S.E.2d at 873-74
 
 (citations omitted);
 
 see also
 

 Kayann Properties, Inc. v. Cox
 
 ,
 
 268 N.C. 14
 
 , 19-20,
 
 149 S.E.2d 553
 
 , 556-57 (1966) ;
 
 Ward v. Ward
 
 , --- N.C. App. ----, ----,
 
 797 S.E.2d 525
 
 , 529,
 
 disc. review denied
 
 ,
 
 369 N.C. 753
 
 ,
 
 800 S.E.2d 65
 
 (2017). In furtherance of its equitable powers, "[p]ending final determination of the proceeding, on application of any of the parties in a proceeding to partition land, the court may make such orders as it considers to be in the best interest of the parties[.]"
 
 N.C. Gen. Stat. § 46-3.1
 
 (2017).
 

 In the present case, the trial court, in its 10 January 2018 judgment, concluded "that the net proceeds of sale of the Property should, in accordance with N.C.G.S. § 46-10 [,] be in accordance [with] Petitioner['s] and Respondent's initial contribution[s.]"
 
 N.C. Gen. Stat. § 46-10
 
 concerns the duties of the commissioners in an actual partition, not the distribution of net proceeds in a partition by sale.
 
 See
 

 N.C. Gen. Stat. § 46-10
 
 (2017). However, there is nothing to prevent the trial court from applying
 
 the equitable principles
 
 found in N.C.G.S. § 46-10 to a partition by sale because, " '[i]n this State partition proceedings have been consistently held to be equitable in nature, and
 
 the court has jurisdiction to adjust all equities in respect to the property
 
 .' "
 
 Ward
 
 , --- N.C. App. at ----,
 
 797 S.E.2d at 529
 
 (citation omitted) (emphasis added). N.C.G.S. § 46-10 states in part:
 

 The commissioners ... must ... partition the [real property] among the tenants in common, or joint tenants,
 
 according to their respective rights and interests therein
 
 , by dividing the land into equal shares in point of value as nearly as possible, and for this purpose they are empowered to subdivide the more valuable tracts as they may deem best, and to charge the more valuable dividends with such
 sums of money as they may think necessary, to be paid to the dividends of inferior value, in order to make an equitable partition.
 

 N.C.G.S. § 46-10 (emphasis added).
 
 The equitable principle
 
 underlying N.C.G.S. § 46-10 is that partition of real property should be conducted in a manner that best achieves an equitable distribution of the real property between the tenants in common or joint tenants.
 

 Id.
 

 This principle is not incompatible with N.C.G.S. § 46-33, which states that, after confirmation of a partition by sale, "the court shall secure to each tenant in common, or joint tenant, his ratable share in severalty of the proceeds of sale."
 

 Id.
 

 N.C.G.S. § 46-10 -by its plain language-does not apply to the present case and, therefore, the trial court's citation to N.C.G.S. § 46-10 in its judgment was unnecessary, and potentially confusing. However, because the trial court " 'has power to adjust all equities between the parties with respect to the property to be partitioned[,]' "
 
 Roberts
 
 , 260 N.C. at 240, 132 S.E.2d at 484 (citation omitted), it committed no error by distributing the net proceeds of the Property "according to [Petitioner's and
 Respondent's] respective rights and interests therein[.]" N.C.G.S. § 46-10.
 

 In the present case, both the Clerk and the trial judge determined that the equities favored an unequal distribution of the net proceeds of the sale of the Property in order to partially compensate Petitioner for the additional $45,000.00 he had contributed towards the purchase of the Property. We find nothing in Chapter 46 or the associated case law that would prevent the trial court from exercising its equitable powers in this manner.
 

 B.
 
 Chapter 41. Estates
 

 However, Respondent argues that a statute from Chapter 41 of the North Carolina General Statutes, "Estates," prohibited the trial court from utilizing its equitable powers to order an unequal division of the net proceeds of the sale of the Property. In 1784, the right of survivorship in North Carolina was abolished by statute "where the joint tenancy would otherwise have been created by the law[.]"
 
 Taylor v. Smith
 
 ,
 
 116 N.C. 531
 
 , 535,
 
 21 S.E. 202
 
 , 204 (1895). However, the statute "does not operate to prohibit persons from entering into written contracts as to land ... such as to make the future rights of the parties depend upon the fact of survivorship."
 

 Id.
 

 The current version of that statute is
 
 N.C. Gen. Stat. § 41-2
 
 ("Survivorship in joint tenancy defined; proviso as to partnership; unequal ownership interests"), which states in part: "Nothing in this section prevents the creation of a joint tenancy with right of survivorship in
 real ... property if the instrument creating the joint tenancy expressly provides for a right of survivorship[.]"
 
 N.C. Gen. Stat. § 41-2
 
 (a) (2017). The statute further states:
 

 The interests of the grantees holding property in joint tenancy with right of survivorship shall be deemed to be equal unless otherwise specified in the conveyance. Any joint tenancy interest held by a husband and wife, unless otherwise specified, shall be deemed to be held as a single tenancy by the entirety, which shall be treated as a single party when determining interests in the joint tenancy with right of survivorship. Joint tenancy interests among two or more joint tenants holding property in joint tenancy with right of survivorship are subject to the provisions of G.S. 28A-24-3 upon the death of one or more of the joint tenants.
 

 N.C.G.S. § 41-2(b).
 

 1. Purpose of Chapter 41-Law
 

 The articles in Chapter 41 serve to clarify definitions, rights, and obligations associated with the contractual or testamentary transfer of estates. N.C.G.S. § 41-2(b) is found in Article 1 of Chapter 41, entitled: "Survivorship Rights and Future Interests." Much of Article 1 is devoted to the abolition of common law rules related to the transfer of real property, and the promulgation of new rules.
 
 See, e.g.,
 

 N.C. Gen. Stat. § 41-6.2
 
 (2017) ("Doctrine of worthier title abolished");
 
 N.C. Gen. Stat. § 41-6.3
 
 (2017) ("Rule in Shelley's case abolished");
 
 N.C. Gen. Stat. § 41-2.1
 
 (2017) ("Right of survivorship in bank deposits created by written agreement");
 
 N.C. Gen. Stat. § 41-2.5
 
 (2017) ("Tenancy by the entirety in mobile homes"). The remaining articles in Chapter 41 have similar purposes: "Article 2. Uniform Statutory Rule Against Perpetuities[;]" "Article 3. Time Limits on Options in Gross and Certain Other Interests in Land[;]" "Article 4. The Uniform Transfer on Death (Tod) Security Registration Act[.]"
 

 As illustrated above, Chapter 41 is primarily concerned with two general issues: (1) the transfer of property upon the death of an owner of that property and, (2) establishing and clarifying limitations on the free use and transfer of property. The enforcement of the provisions set forth in Chapter 41 is a matter of law, not equity-though equitable issues may arise therefrom.
 
 See
 

 Clifton v. Owens
 
 ,
 
 170 N.C. 607
 
 ,
 
 87 S.E. 502
 
 (1916) ;
 
 Simmons v. Waddell
 
 ,
 
 241 N.C. App. 512
 
 , 526-27,
 
 775 S.E.2d 661
 
 , 676 (2015) (citations omitted) (emphasis added) (" 'The interpretation
 of a will's language is
 
 a matter of law
 
 .' .... '[The] intent [of the testator] is to be gathered from a consideration of the will from its four corners, and such intent should be given effect
 
 unless contrary to some rule of law
 
 or at variance with public policy.' ").
 

 2. Purpose of Chapter 46-Equity
 

 Chapter 46, however, is specifically concerned with the partition of jointly owned
 property among living persons.
 
 [2]
 
 N.C.G.S. § 46-3 (stating in relevant part that "persons claiming real estate as joint tenants ... may have partition by petition to the superior court"). Partition pursuant to Chapter 46 is accomplished in a special proceeding, pursuant to the procedures set forth in Chapter 46 and, where not in conflict with Chapter 46, pursuant to Article 33, "Special Proceedings," of Chapter 1.
 
 See
 
 N.C.G.S. § 46-1 ("the procedure shall be the same in all respects as prescribed by law in special proceedings, except as modified herein"). Unfortunately, Chapter 46 does not specifically address the trial court's equitable powers to order an unequal division of the net proceeds of a partition by sale based upon unequal monetary contributions toward the initial purchase of a property by joint tenants with the right of survivorship.
 

 3. Equitable Powers of the Trial Court-Equitable Distribution
 

 Because we can find no statute or precedent directly involving the equitable powers of a trial court to order an unequal division of the net proceeds from a partition by sale of real property held as joint tenants with the right of survivorship, we look to other circumstances where the trial court, acting in equity, is tasked with the division of real property. When married persons hold title to real property as tenants by the entirety, " 'each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof.' "
 
 Carter v. Insurance Co.
 
 ,
 
 242 N.C. 578
 
 , 579,
 
 89 S.E.2d 122
 
 , 123 (1955) (citation omitted). As such, when an estate held as tenants by the entirety is severed by absolute divorce, each former spouse is entitled to a one-half interest in the estate, held as tenants in common.
 
 Id.
 
 at 580,
 
 89 S.E.2d at 124
 
 .
 

 Prior to the enactment of the Equitable Distribution Act, " '[t]he general rule [wa]s that upon divorce the two former spouses bec[a]me equal cotenants even though one of the former spouses paid the entire purchase price [for real property purchased during the marriage]. Each spouse [wa]s entitled to an undivided one-half interest in the property[.]' "
 

 Branstetter v. Branstetter
 
 ,
 
 36 N.C. App. 532
 
 , 536,
 
 245 S.E.2d 87
 
 , 90 (1978) (citations omitted). Even upon separation, the expenditures of one spouse to maintain the property prior to divorce could not be recovered by that spouse.
 

 Id.
 

 However, "[i]n 1981, the General Assembly sought to alleviate the unfairness of the common law rule by enacting our Equitable Distribution Act which is now codified as N.C.G.S. 50-20 and 21."
 
 White v. White
 
 ,
 
 312 N.C. 770
 
 , 774-75,
 
 324 S.E.2d 829
 
 , 831 (1985).
 
 [3]
 

 When the trial court makes decisions concerning the distribution of marital property pursuant to the equitable distribution provisions of Chapter 50, it is acting as a court of equity.
 
 See
 

 N.C. Gen. Stat. § 50-20
 
 (c) (2017) ("If the court determines that an equal division [of marital property] is not equitable, the court shall divide the marital property and divisible property equitably.");
 
 Stone v. Stone
 
 ,
 
 181 N.C. App. 688
 
 , 695,
 
 640 S.E.2d 826
 
 , 830 (2007) ;
 
 Barlowe v. Barlowe
 
 ,
 
 113 N.C. App. 797
 
 , 799,
 
 440 S.E.2d 279
 
 , 280 (1994) (citation omitted) ("in an equitable distribution proceeding, the trial court has wide discretion to divide the property unequally"). Pursuant to the Equitable Distribution Act, the trial court, acting in equity, can order the unequal distribution of the net proceeds from the sale of real property purchased by a married couple as tenants by the entirety. N.C.G.S. § 50-20(c) ("There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably.");
 
 Mugno v. Mugno
 
 ,
 
 205 N.C. App. 273
 
 , 276, 278-79,
 
 695 S.E.2d 495
 
 , 497-98, 499 (2010) (award of eighty-six percent of the marital estate-including the marital home-to wife upheld in equitable distribution action). Certainly real property owned by a married couple as joint tenants
 with the right of survivorship is, pursuant to the equitable powers of the trial court, also subject to unequal division in an equitable distribution action. "The purpose of the Equitable Distribution Act is 'to divide property equitably, based upon the relative positions of the parties at the time of divorce, rather than on what they may have intended when the property was acquired.' "
 
 Mims v. Mims
 
 ,
 
 305 N.C. 41
 
 , 54,
 
 286 S.E.2d 779
 
 , 788 (1982). "The General Assembly has committed the distribution of marital property to the discretion of the trial courts, and the exercise of that discretion will not be disturbed in the absence of clear abuse."
 
 Lawing v. Lawing
 
 ,
 
 81 N.C. App. 159
 
 , 162,
 
 344 S.E.2d 100
 
 , 104 (1986) (citation omitted).
 4. Equitable Powers of the Trial Court-Chapter 46 Partition
 

 The General Assembly has also committed the partition and distribution of real property owned by one or more people as tenants in common, or as joint tenants, to the discretion of the trial courts, acting as courts of equity, through the enactment of Chapter 46.
 
 See, e.g.,
 
 N.C.G.S. § 46-1 ; N.C.G.S. § 46-3.1 ; N.C.G.S. § 46-33 ;
 
 Solesbee
 
 , --- N.C. App. at ----,
 
 805 S.E.2d at 186-87
 
 ,
 
 Ward
 
 , --- N.C. App. at ----,
 
 797 S.E.2d at 529
 
 .
 

 Proceedings for partition are equitable in nature, and in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property to be partitioned. A sale for partition may be ordered and
 
 the rights of the parties adjusted from the proceeds of the sale
 
 .
 

 Roberts v. Barlowe
 
 ,
 
 260 N.C. 239
 
 , 240,
 
 132 S.E.2d 483
 
 , 484 (1963) (citations omitted) (emphasis added). The trial court properly decided the petition "before an order of distribution was made."
 
 Id.
 
 at 240,
 
 132 S.E.2d at 484
 
 (citation omitted).
 

 "The statutes are not a strict limitation upon the authority of the court. Since the proceeding is equitable in nature, the court has jurisdiction to adjust all equities in respect to the property."
 
 Allen
 
 ,
 
 263 N.C. at 498
 
 ,
 
 139 S.E.2d at 587
 
 (citation omitted).
 
 [4]
 
 We hold-similar to an equitable distribution action-that the provisions of N.C.G.S. § 41-2(b) were "not a strict limitation upon the authority of the court" acting pursuant to Chapter 46.
 
 Allen
 
 ,
 
 263 N.C. at 498
 
 ,
 
 139 S.E.2d at 587
 
 (citation omitted). The provisions of N.C.G.S. § 41-2(b) did not deprive the trial court in the present case of its equitable powers to "adjust all equities in respect to the [P]roperty[,]" by ordering that Petitioner be partially compensated for the additional $45,000.00 he paid to purchase the property through an unequal division of the net proceeds from the sale of the Property.
 
 Allen
 
 ,
 
 263 N.C. at 498
 
 ,
 
 139 S.E.2d at 587
 
 (citation omitted). Finding no legal error or abuse of the trial court's discretion in determining the equities in the present case, we affirm.
 

 AFFIRMED.
 

 Judges HUNTER, JR. and HAMPSON concur.
 

 The statutes indicate that three commissioners should be appointed,
 
 see
 
 N.C.G.S. §§ 46-7 and 46-28 ; however, as there is no record objection by either Petitioner or Respondent, it is presumed they were in agreement with the procedure used, and any objection thereto has been waived.
 

 With certain limited exceptions not relevant to this analysis.
 

 For a discussion concerning some of the inequities in the law prior to enactment of the Equitable Distribution Act,
 
 see
 

 White
 
 ,
 
 312 N.C. at 773-74
 
 ,
 
 324 S.E.2d at 831
 
 .
 

 We note that Respondent's attorney, in his argument to the trial court, recognized the equities involved, stating: "And it may be inequitable [for the trial court to order an
 
 equal
 
 division of the net proceeds], it may be not what they intended, but unfortunately, that's what the deed says, and that's what the law dictates to be done."